### COLE v. ED. G. HOOKSTRATTEN CIGAR CO.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1918.)

No. 3050.

1. PATENTS ⊜328—INFRINGEMENT—WHAT CONSTITUTES.

The Cole reissued patent, No. 14,000, for a label adapted to be detachably secured around a package, having display matter relating to the contents of the package on its outer face, and the inner face bearing useful printed matter, held not infringed by defendant's device for a detachable label.

2. PATENTS ⊜168(2)—LIMITATION OF CLAIMS.

Where a patent was not obtained until after numerous rejections and amendments of claims on reference to prior patents, it is limited to the precise form and language of the claims allowed.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benj. F. Bledsoe, Judge.

Bill by Louis M. Cole against the Ed. G. Hookstratten Cigar Company. From a decree for defendant, complainant appeals. Affirmed.

Joseph F. Westall, of Los Angeles, Cal., for appellant.
James R. Offield, of Chicago, Ill., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. [1] The patentee of reissued letters patent 14,000, of date October 26, 1915, appeals from the decree of the

lower court in a suit which he brought against the defendant to restrain infringement, and in which the court below found that the defendant had not infringed. The patent is for a label, and it is necessary to refer specifically to the third claim only, which is:

"A label adapted to be detachably secured around a package, said label having display matter relating to the contents of the package on its outer face, the inner face of said label bearing useful printed matter, said label being provided on the outer face thereof with a line out of registry with said useful printed matter, indicating where the label may be severed to remove the entire label without mutilating the printed matter on its inner face."

The reissued patent was finally obtained after numerous rejections and amendments of claims on reference to prior patents, and the invention, if there be an invention, is an extremely limited and narrow one. The use of a label having display matter relating to the contents of the package on its outer face, and printed matter on its inner face, was old in the art. It was also old in the art to designate on such a label the line at which it was to be severed from the body of the label. Thus the line of severance is pointed out in the Martin & Fietsch patent, No. 1,004,055, of September 26, 1911, in Borden's Condensed Milk Company's label, and in various soap labels and in Babbitt's Cleanser. The plaintiff's label is one across which a distinct line is marked and at the line are printed the words "Cut along this line." Those printed instructions, placed directly upon a single marked line upon which the label is to be severed so as to remove the entire label, seem to be all that he has added to the prior art. In the label of Babbitt's Cleanser, printed matter, called a "trade-mark," which is to be used to obtain premiums is rectangular in shape, and inclosed in dotted lines, and beneath is printed "for trade-mark cut along dotted line."

We need not express an opinion on the question whether the plaintiff's patent is sustainable. It is sufficient to say that the defendant has not infringed it. The defendant's goods have a wrapper which incloses five sticks of chewing gum. One end of the label slightly overlies the opposite end, and is lightly attached by adhesive material, leaving one edge free, so that the label may be easily removed without tearing or cutting the same. Along the edge of the label are printed the words: "Remove carefully. Pull back here." The plaintiff contends that the free edge of the paper forms a "line," within the meaning of his claims. But it is clearly not a line marked upon the label itself, and it is clear that, when the defendant's label is removed, it is not severed in the sense of the plaintiff's invention, as the latter has been construed by the officers of the Patent Office. They had rejected claims of the plaintiff which embodied means indicating where the label may be "detached," as anticipated by the prior art.

[2] The defendant's label detached in the manner indicated is not brought within the scope of the plaintiff's invention. That invention, if indeed it is an invention, must be limited to the precise language and form in which the plaintiff has expressed it.

The decree is affirmed.