## GREENAWALT v. DWIGHT.

(Court of Appeals of District of Columbia. Submitted May 15, 1919. Decided June 2, 1919.)

Nos. 1231 and 1232, Patent Appeals.

1. PATENTS ⬤⇒113(6)—REVIEW—QUESTIONS OF FACT.

The concurrent decisions of Patent Office tribunals upon a question of fact will not be disturbed, unless a mistake was clearly made.

2. PATENTS ⬤⇒91(4)—INTERFERENCES—REDUCTION TO PRACTICE—SINTERING ORES.

Testimony by the junior party to an interference proceeding, and his brother, that they had made a private test of an apparatus and process for sintering ores, held to establish a reduction to practice before the senior party's applications disclosed such apparatus.

Appeal from the Commissioner of Patents.

Interference proceedings in the Patent Office between Arthur S. Dwight and John E. Greenawalt. From a decision by the Commissioner of Patents, both parties appeal. Affirmed.

Emil Starek, of St. Louis, Mo., and A. J. O'Brien, of Denver, Colo., for Greenawalt.

H. H. Bliss, of Washington, D. C., for Dwight.

SMYTH, Chief Justice. [1] This is an appeal and cross-appeal from a decision of the Patent Office in a consolidated interference of three related interferences covering nine applications, and has to do with an apparatus and process for sintering ores. Thirty claims are involved. The three tribunals of the Patent Office united in awarding to Dwight all the claims, excepting 8, 14, 15, 16, 19, 20, 21, 23, 24, 26, 27, and 28. It may also be said that they agree as to claims 23 and 24, because we concur in the view of the Assistant Commissioner that they were given by the Examiners in Chief to Greenawalt through inadvertence. It is well established that, where the three tribunals agree upon a question of fact, this court will not disturb their decision, unless it is clear that a mistake was made. Jobski v. Johnson, 47 App. D. C. 230; Bourn v. Hill, 27 App. D. C. 291; Flora v. Powrie, 23 App. D. C. 195; Gammeter v. Thropp, 42 App. D. C. 564. And it is not so here. This brings us to a consideration of the 10 claims upon which, as we find, the three tribunals did not agree.

[2] Under the evidence Dwight is entitled to December 23, 1907, and Greenawalt to February 2, 1910, as their respective filing dates. Dwight built a machine for sintering ores, at Perth Amboy, N. J., in 1907, one at Salida, Colo., in 1908, and one at Douglas, Ariz., in 1909, and claims the installation of several others prior to November, 1910. In July, 1907, Greenawalt, according to his clear and positive testimony, built and tested a device designated in the record as a "slag pot," which embodies all the claims we are now dealing with. He fixes the date by an interview which he had with one Carpenter

concerning patents which had been taken out by him a few months before. During the interview a question arose as to whether a porous hearth was a necessary feature in a downdraft sintering apparatus. Soon thereafter, Greenawalt says, he constructed the "slag pot" and tested it. His brother fully corroborates him, and fixes the date of the test by a trip which he took to Costa Rica in the following August. The credibility of the brother's testimony is challenged on the sole ground that he is a brother of the appellant, but we do not think that this is sufficient reason for denying him credence. We are asked to disregard the test, because it was a private one, witnessed only by the two brothers. If the record disclosed that at the time it was made Greenawalt had been aroused to action by knowledge of what Dwight was doing, there might be force to the request (Mason v. Hepburn, 13 App. D. C. 86), but the record is devoid of any evidence to that effect.

Furthermore, it appears that the Dwight-Lloyd patent, No. 882,517, shows in Figure 2 an apparatus for carrying out a process of treating ores by desulphurizing and agglomerating ore "fines" to produce "relatively large masses, blocks, or cakes" (page 1, line 93). The operativeness of this apparatus is not denied. We agree with the Examiners in Chief that, if it "is suitable for carrying out such a process, there can be no doubt that Greenawalt's slag pot is equally suitable." Greenawalt has, in our judgment, established a reduction to practice of his "slag pot" in July, 1907.

If, however, the claims under examination read on Dwight's Perth Amboy machine installed in April, 1907, Greenawalt is not entitled to them. All of the claims are limited to a hood that is air-tight with respect to the ore holder. Neither the Perth Amboy nor any other structure or disclosure of Dwight's prior to July, 1907, supports those claims. As was said by the Assistant Commissioner, Dwight's applications "never disclosed an igniter in a closed chamber at all, for any purpose, until December, 1907, and then not in an igniting hood properly so called." From this it must follow that he is not entitled to those claims.

We might elaborate the argument in support of the conclusion which we have been constrained to reach, but we think it unnecessary, as well as unprofitable, to do so. The questions involved are of facts construed in the light of technical knowledge. Every contention advanced by the parties was met by the Assistant Commissioner, who set down in his opinion with painstaking care the reasons which induced his conclusions. We adopt those reasons and affirm his decision in all respects.

Affirmed.

ROBB, Associate Justice, dissents, on the ground that in his judgment all the claims should be awarded to Dwight.