## KENNICOTT v. CAPS.

(Court of Appeals of District of Columbia. Submitted November 10, 1919. Decided January 5, 1920.)

### No. 1242.

PATENTS &=113(7)—CONCURRENT DECISIONS OF PATENT OFFICE TRIBUNALS WILL NOT BE DISTURBED.

> The concurrent decisions of the three Patent Office tribunals, in interference proceedings, that one of the parties had failed to show diligence in seeking to amend, and in awarding priority, will not be disturbed, where supported by competent evidence.

Appeal from a Decision by the Assistant Commissioner of Patents.

Interference proceeding in the Patent Office between Cass L. Kennicott and John E. Caps. From a decision awarding priority to Caps, Kennicott appeals. Affirmed.

Frances M. Phelps, of Washington, D. C., and Frank A. Howard, of Chicago, Ill. (Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill., on the brief), for appellant.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., and Rudolph W. Lotz, of Chicago, Ill., for appellee.

SMYTH, Chief Justice. The Assistant Commissioner of Patents awarded priority of invention to Caps in an interference between his application and that of Kennicott, and the latter appeals. Improvements in an apparatus for softening water constitute the subject of the invention. There is only one count of the interference. It reads:

1. In a water-softening apparatus a reagent drum, means for passing water to be softened through the reagent in said drum, a water meter for measuring the water flowing through the said drum, a valve for shutting off the flow of water through the drum, and means operable by said meter for actuating the said valve.

Caps alleged conception in January, 1915, and disclosure in February following. He filed his application in June, 1916. Kennicott in his original preliminary statement claimed that he had conceived the invention and reduced it to practice in December, 1915. His application was filed in March following. He is, therefore, the senior party. After Caps' testimony had been completed, and Kennicott knew the dates claimed by him, he sought leave to amend his statement by alleging conception in February, 1914, nearly two years before the date first claimed, and about a year anterior to Caps.

The three tribunals of the Office concurred in denying leave to amend, on the ground that he had failed to show diligence in discovering the assumed error in his first statement. They also concurred in holding, on the question of fact presented, that Caps was the first to conceive, and, being diligent thereafter, and up to the time of the filing of his application, was entitled to priority. It is a well-settled rule of decision in this court that where the tribunals of the Office concur with respect to the proper solution of a question of fact we will not

---

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

disturb their action, if there is any competent evidence to sustain it. Greenawalt v. Dwight, 49 App. D. C. ——, 258 Fed. 982, and cases there cited. We think the evidence here amply satisfies the rule, and therefore we affirm the decision of the Assistant Commissioner of Patents.

Affirmed.