HOPKINS v. RIEGGER.

(Court of Appeals of District of Columbia. Submitted November 12, 1919.
Decided January 5, 1920.)

No. 1256.

PATENTS ☜112(4)—CONCURRENT DECISIONS OF PATENT OFFICE TRIBUNALS CONCLUSIVE, UNLESS CLEARLY WRONG.

The concurrent decisions of the three Patent Office tribunals in awarding priority in an interference proceeding will not be reversed, unless manifestly wrong.

Appeal from a Decision by the Commissioner of Patents.

Interference proceeding in the Patent Office between Arthur T. Hopkins and Constantin Riegger. From a decision awarding priority to Riegger on all counts except one, Hopkins appeals. Affirmed.

Chas. S. Jones, Clarence O. McKay, and W. Lee Helms, all of New York City, for appellant.

C. L. Sturtevant, of Washington, D. C., and Oscar W. Jeffery, of New York City, for appellee.

SMYTH, Chief Justice. This is an interference involving nine counts, which cover a subject-matter that relates to a tank ball or rubber float valve for the outlet in toilet flush tanks. The Commissioner of Patents awarded priority to Riegger on all the counts except No. 9, which was given to Hopkins, and the latter appeals.

Counts 1 and 4 illustrate the character of the invention. They are as follows:

1. A tank ball formed with a seat engaging portion of flexible rubber, an upper portion of flexible rubber, and a reinforcement formed of rubber composition vulcanized to the upper portion for preventing the collapsing thereof, said reinforcement being formed with an annular enlargement opposite the juncture of the seat engaging portion and the upper portion.

4. A float ball valve formed with a flexible seat portion, an upper portion, a separate stiffening member arranged interiorly of said upper portion to prevent the collapsing thereof, and also to prevent the collapsing of the upper edge of the seat portion, and a reinforcing member arranged at the juncture of the upper portion and the lower portion, said reinforcing member overlapping said stiffening member for providing a substantially rigid joint.

The thing about which the controversy centers, as we have just stated, is a ball, the lower part of which is made of soft white rubber, and the top of like material reinforced on the inside with a hard black rubber core cemented and vulcanized to it. In order that the joint between the two parts may not separate easily, the upper part is carried

down to and across the edge of the lower part, while a reinforcing strip embraces the lower edge of the shell and is vulcanized to the upper and lower portions of the ball.

Both parties claim the inventive idea, each asserting that the other derived it from him. There is evidence tending to support the cause of each, but it is not necessary for us to go into an analysis of it. The three tribunals of the Patent Office decided in favor of Riegger. Where they concur, the question being one of fact, as here, we will not review the Commissioner's decision, unless it be manifestly wrong (Greenawalt v. Dwight, 49 App. D. C..——, 258 Fed. 982, and cases cited), and we cannot say that it is in the case before us.

For this reason the decision of the Commissioner must be affirmed. Affirmed.