### W. F. SCHULTHEISS CO. et al. v. PHILLIPS et al.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1920.)

No. 3279.

1. Patents ⊂⊃168(2)—Limited to precise form of claims allowed after objections and amendments.

Where a patent was not obtained until after numerous objections and amendments of claims on reference to prior patents, the patentee is limited to the precise form and language of the claims allowed.

2. Patents ⊂⊃328—For soil pipe connection anticipated and not infringed.

The Bode patent, No. 762,980, issued June 21, 1904, for a soil-pipe connection for closet bowls, held anticipated by the Dellamore patent, issued May 6, 1902, and also not infringed by the device sold by defendant.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit by the W. F. Schultheiss Company and another against Lucius Ernest Phillips and others, copartners doing business as the Phillips Iron Works. From a decree for defendants, plaintiffs appeal. Affirmed.

Ernest L. Wallace and Joseph F. Westall, both of Los Angeles, Cal., for appellants.

Raymond Ives Blakeslee, of Los Angeles, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. To this suit for the alleged infringement of certain letters patent for a soil-pipe connection for water-closet hoppers the defendants, who are the appellees here, pleaded want of invention, anticipation, and noninfringement. The court below dismissed the bill, at the cost of the complainants, from which decree the latter brought the present appeal.

The patent upon which the suit was brought was issued June 21, 1904, to one Bode, the rights under which, whatever they were, subsequently passed to the appellants. It is not contended that the defendants themselves directly infringed anything covered by that patent, but that they contributed to such infringement by making and selling to others a certain piece, variously referred to in the record as "ring," "collar," and "cup," for use, and which was used, by the purchasers in violation of the rights conferred by the appellants' patent. In that patent this piece is referred to as a "cup," and is thus described in the specifications:

"The end of the soil pipe $b$ is surrounded by a cup $e$, which is slipped over the same as soon as the soil pipes $b$ and $a$ are connected with each other. The cup $e$ is provided at its upper end with a flange $e'$, adapted to rest upon the floor $c$, and at its lower end with a flange $e^2$, forming an opening $e^3$, through which the pipe $b$ is inserted. The cup $e$ is of inverted frusto-conical form to permit the pipe section $b$ to assume, as may be required, any angular position with respect to the wall of the cup without contacting therewith. This affords at all times sufficient space between the soil pipe $b$ and cup $e$ to introduce a soft fluid packing $f$ to firmly secure the pipe in the cup, whatever the angular position of the soil pipe may be with respect to the position of the cup $e$, and thus to render the same water and gas tight. The inverted frusto-conical cup $e$ extends below the floor $c$ of the structure to permit of the introduction of a packing $f$ between the pipe and internal wall of said cup and also in order that the lower flange $d^2$ of the hopper $d$ in its vertical position may be parallel with the flange $e'$ of the cup $e$, so that a disklike washer $g$ may be introduced between the flange $d^2$ of the hopper $d$ and the flange $e'$ of the cup $e$, as well as the packing $f$ in the said cup $e$."

The cup thus described has a flange which rests upon the top of the floor, preventing the cup from falling through the hole made in the floor for the necessary connection with the pipe; the shape of the cup, it is contended, being such as to permit the soil pipe to assume any angular position with respect to the wall of the cup and at the same time permit the introduction of the necessary packing to render the connection water and gas tight, and, further, that the flange of the cup also permits the introduction of a washer between it and the hopper or bowl.

[1] In the first place it is to be observed that the claims of the Bode patent included the cup only as one of the elements of the combination set out in the specifications relating to the arrangement of the soil-pipe connection which he declared constituted his invention, and that there is no claim to the cup itself as such; and it is to be borne in mind, also, that the file wrapper introduced in evidence clearly shows that the Bode patent was not obtained until after numerous objections and amendments of claims on reference to prior patents—particularly the patent theretofore issued to one Dellamore. Under such circumstances the law is well settled that the patentee is limited to the precise form and language of the claims allowed. See the recent decisions of this court in the cases of Cole v. Hookstratten Cigar Co., 250 Fed. 629, 162 C. C. A. 645, and Wilson & Willard Mfg. Co. v. Union Tool Co., 249 Fed. 729, 161 C. C. A. 639, and authorities there cited.

[2] The patent to Dellamore was issued May 6, 1902, and was for certain waste-pipe connections for closet bowls, consisting of certain novel features of construction, combination, and arrangement of parts specifically described in the specifications of the patent, including the connection of the bowl with the waste pipe by means of a collar, which, together with its functions and the operation of the patented combination, is thus described:

"To connect the bowl to the waste pipe by means of the collar, the lower portions of the bolts *14* are adapted to engage or abut against the periphery of the collar between the lugs 8 and 8'; the heads of the bolts being below said periphery. The bowl being given a partial turn, the bolts naturally slide against the edges of the periphery of the collar between the lugs 8 and 8', thereby guiding the heads of the bolts into the channels *9*; the lugs 8' serving as stops to prevent the bolts from being turned too far out of line, thereby rendering the heads of the bolts to more readily coact with their respective channels."

Declaring that "various changes in the form, proportion, and details of construction may be made within the scope of the invention, without departing from the spirit or sacrificing any of the advantages thereof," Dellamore claimed:

"The combination with the neck or tubular portion of a closet bowl formed with an annular extension having a downwardly projecting flange, of a waste pipe, a collar fixed to the upper end thereof provided with equidistant peripheral lugs, and two of the diametrically opposite ones of which having reversely arranged undercut channels, the two other diametrically opposite lugs serving as stops, and bolts with heads adjustably connected to said extension, said bolts being arranged between the stop lugs and channel lugs, and adapted to slide on the periphery of the collar, so as to permit of said heads of said bolts coacting with the reversely arranged channeled lugs, substantially as specified."

The Dellamore patent was pleaded as anticipation, and other patents and publications were admitted in evidence, for the purpose of showing the prior state of the art, in order that the court might properly determine the true scope of the one in suit. For convenience (as is frequently done by the witnesses and counsel) we shall refer to the piece constituting the connection between the bowl or hopper and the soil pipe, which counsel for the appellants say is the essence of the

invention of Bode, as the ring. They concede that the Dellamore combination disclosed the same combination as that adopted by Bode, but it is urged that there was no anticipation "because the Dellamore collar is not the cup of the Bode patent"; the true functions of the two things being duly considered.

Both combinations required ·and provided for the caulking of filling around the connection to prevent the leakage or escape of either water or gas. A careful consideration of the evidence satisfies us that the court below was right in holding in effect that the cup of the Bode patent and the collar of the previous patent to Dellamore performed ' precisely the same function and performed it in substantially the same way; and we are of the further opinion from the record that the complainants failed to sustain the burden resting upon them to show that the defendants to the suit infringed upon the precise form and language of the claims allowed to Bode. See authorities supra. Indeed, we are inclined to think from the evidence that the rings sold by the defendants, of which complaint is made, as nearly conform (if not more so) to the collar of the Dellamore patent than to the cup of that to Bode.

The judgment is affirmed.