## MAREMONT v. OLSON.

(Court of Appeals of District of Columbia. Submitted March 8, 1920. Decided May 3, 1920.)

### No. 1285.

1. Patents ⚖=91(1)—Junior applicant has burden of proof in interference proceedings.

In interference proceedings, the junior applicant for patent has the burden of proving his claim to priority.

2. Patents ⚖=113(7)—Decision by three tribunals of Patent Office against junior applicant not disturbed, unless clearly wrong.

Where the three tribunals of the Patent Office united in holding against the junior applicant in interference proceedings, their decision will not be disturbed, unless clearly wrong.

Appeal from the Assistant Commissioner of Patents.

Interference proceedings between Meyer D. Maremont and Nels L. Olson. From a decision of the Assistant Commissioner of Patents, awarding priority to Olson, Maremont appeals. Affirmed.

F. M. Phelps, of Washington, D. C., for appellant.

O. F. Barthel, of Detroit, Mich. (Barthel & Barthel, of Detroit, Mich., on the brief), for appellee.

SMYTH, Chief Justice. This is an appeal from a decision of the Patent Office awarding priority in an interference to Nels L. Olson. The matter involved is an auxiliary spring attachable at the opposite ends of the axle housing of a Ford automobile, for the purpose of converting a light car into a truck. The invention is set forth in two counts as follows:

1. A spring structure for attachment to a vehicle having axle flanges, comprising a spring-supporting yoke having a face portion arranged for attachment to an axle flange, a spring parallel to the yoke face portion, and means securing the spring to the yoke.

2. A spring structure for attachment to a vehicle having axle flanges, comprising a spring-supporting yoke having a face portion for attachment to an axle flange and an upstanding portion carrying an extension outstanding at right angles thereto, a spring parallel to the yoke face portion, and means securing the spring to the outstanding portion of the spring-supporting yoke.

[1, 2] Maremont filed June 8, 1916; Holland and Wilson filed April 24, 1916; and Olson, April 14, same year. Holland and Wilson, having taken no testimony, cannot prevail, since they filed after Olson. Maremont being junior to Olson, the burden is on him to establish his claim. The three tribunals of the Patent Office unite in holding against him and in awarding priority to Olson. Where this is so, we will not disturb their decision, unless it is clearly wrong, and we find no basis for saying that it is in this case. Kennicott v. Caps, 262 Fed. 641; Jobski v. Johnson, 47 App. D. C. 230; Bourn v. Hill, 27 App. D. C. 291; Flora v. Powrie, 23 App. D. C. 195; Gammeter v.

Thropp, 42 App. D. C. 564. On the contrary, we believe that it is in harmony with right, and hence the decision of the Assistant Commissioner of Patents is affirmed.

Affirmed.