## BALL v. BARNHURST et al.

(Court of Appeals of District of Columbia. Submitted January 17, 1921. Decided February 7, 1921.)

No. 1398.

1. Evidence ☞265(7)—Admission by former attorney persuasive against client.

An admission in an interference proceeding that the adversary's exhibit illustrated the subject-matter of the issue, made by a former attorney, if not conclusively binding upon the client, is very persuasive in determining whether the Commissioner's decision that the adversary had disclosed the invention in issue should be affirmed.

**2. Patents ⊚⇒113 (7)—Concurrent finding of Office tribunals not reversed, unless manifestly wrong.**

Where the three tribunals of the Patent Office are in accord upon a question of fact, the Commissioner's decision will not be disturbed on appeal, unless it is clearly wrong.

**3. Patents ⊚⇒113 (1)—Right of interferor to make claims cannot be questioned, without motion to dissolve or excuse for failure.**

Where a party to interference proceedings did not file a motion to dissolve in accordance with rule 122, he is not entitled, under rule 130, to contend that his adversary cannot make the claims, unless he shows good reasons why he failed to file a motion.

**4. Patents ⊚⇒113 (1)—Reliance on other ground held not excuse for failure to move to dissolve.**

Reliance by a party in interference proceedings on estoppel of his adversary, under a prior decision of the appellate court, which was subsequently reversed by the Supreme Court, does not excuse failure to move to dissolve the interference proceedings, because the adversary is not entitled to make the claims.

Appeal from the Commissioner of Patents.

Interference proceeding between Herman F. Ball and Henry G. Barnhurst, administrator of the estate of Henry R. Barnhurst, deceased, and others. From a decision of the Commissioner of Patents, awarding priority to Barnhurst and others, Ball appeals. Affirmed.

Paul Synnestvedt, of Philadelphia, Pa., for appellant.

Dean S. Edmonds, of New York City, for appellees.

SMYTH, Chief Justice. This interference relates to an apparatus for burning pulverized fuel in boiler furnaces. Ball is the senior party, having filed in August, 1913, while the appellees, whom we shall refer to herein as Barnhurst, did not file until March, 1914. A patent issued to Ball while the applications were copending. Ball took no testimony, and is therefore restricted to his filing date. The three tribunals of the Patent Office concurred in holding that Barnhurst conceived the invention as early as July, 1913. It was stipulated by the parties that there was no lack of diligence on his part between that date and the date on which he filed his application. Consequently he was awarded priority.

Ball planted his case before the Examiner of Interferences and the Examiners in Chief on the assumption that Barnhurst, not having made his claims in time, was estopped under the ruling in Wintroath v. Chapman, 47 App. D. C. 428; Id., 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491. The first tribunal held against him, but was reversed by the second one. When the matter came before the Commissioner on appeal, he withheld action until the Supreme Court of the United States disposed of the Wintroath Case. That case was reversed, and thereby the basis for Ball's argument that Barnhurst was estopped was removed.

[1] Ball then took the position that Barnhurst had not disclosed the invention in issue. The Commissioner pointed out that Ball, in his brief before the Examiner of Interferences, admitted that Barnhurst's Exhibit 4, which was made prior to Ball's filing date, illustrated "the

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

subject-matter of the issue." Ball does not deny the admission, but says it was made by a former attorney, and that he should not be bound by it. Even if we should hold that it was not conclusively binding upon him, we think it must be treated as very persuasive in determining whether or not we should reverse the Office. It indicates at least that one of Barnhurst's attorneys is in harmony with the decision of the three tribunals of the Patent Office. The Commissioner held that Barnhurst's Exhibit 4 did disclose the invention, and, Ball's other contentions being out of the way, awarded Barnhurst priority.

[2] We have repeatedly ruled that where, as here, the three tribunals of the Patent Office are in accord upon a question of fact, we will not disturb the Commissioner's decision, unless it is clearly wrong (Hopkins v. Riegger, 49 App. D. C. 188, 262 Fed. 642; Greenawalt v. Dwight, 49 App. D. C. 82, 258 Fed. 982), which it is not in this case.

[3, 4] Furthermore, the argument now made on behalf of Ball is to the effect that Barnhurst cannot make the claims. Ball did not file a motion to dissolve in accordance with rule 122, and where this is not done, rule 130 says that a party shall not be entitled to raise the question, unless he shows good reasons why he failed to file a motion. He says he relied on the ruling in Wintroath v. Chapman to defeat his opponent; but the fact that he might have great confidence in the strength of one point is no excuse for failing to raise all points available to him. This is the only excuse he offers for his default, but it is not sufficient. His contention could have been rejected on that ground, but the Commissioner did not see fit to do so, but disposed of it on the merits, and we are satisfied with his decision.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.