## DUNHAM v. DYSON et al. and four other cases.

(Court of Appeals of District of Columbia. Submitted March 14, 1921. Decided April 4, 1921.)

Nos. 1341–1345.

1. **Patents ⬳113 (7)—Concurrent decisions as to reduction to practice and diligence not disturbed.**

Where the Examiner of Interferences, the Examiners in Chief, and the First Assistant Commissioner of Patents concurred in holding that, if a party was the first to conceive, he was the last to reduce to practice, and not diligent just before other parties became active, and the conclusion is not clearly wrong, it will not be disturbed; the question being one of fact.

2. **Patents ⬳113 (7)—Patent tribunals held regarded as in accord as to date of conception.**

Where the Examiner of Interferences and the First Assistant Commissioner of Patents concurred in denying a party to an interference any earlier date of conception than his filing date, and though the Examiners in Chief gave him an earlier date, they held in another proceeding on substantially the same evidence that he must be confined to his filing date, the three tribunals must be regarded as in accord in limiting him to his filing date.

3. **Patents ⬳90 (3)—Party held diligent when active personally or through others at all times.**

Where an invention concerning selector switches for automatic telephone systems was a complicated one, requiring many experiments to give it practical form, and an applicant was active either personally or through others from the time of his conception until his date of filing, there was no want of diligence on his part.

Appeal from Decision of the First Assistant Commissioner of Patents.

Interference proceedings, two of which were between Bert G. Dunham and Alfred H. Dyson and John Erickson, one between Bert G. Dunham and John Erickson, and two between Alfred H. Dyson and John Erickson and Bert G. Dunham. From a decision in favor of Erickson in each proceeding, the other parties separately appeal. Affirmed.

See, also, 49 App. D. C. 86, 258 Fed. 986.

J. G. Roberts and G. Willard Rich, both of New York City, for Dunham.

Charles C. Bulkley, of Chicago, Ill., for Erickson.

Curtis B. Camp and C. C. Bradbury, both of Chicago, Ill., for Dyson.

SMYTH, Chief Justice. We have before us appeals in three interferences numbered respectively 34534, 39810 and 39614. The issues of all are very closely related. We shall, however, consider them separately.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

We take up first 34534. In this the contest is between Dyson, Erickson, and Dunham. As stated by the First Assistant Commissioner, the invention of this interference relates to automatic telephone systems, and has for its object the reduction of the number of first selector switches. Prior to the time this invention was made it had been the practice to employ a first selector switch for each subscriber. The parties here sought to simplify the system by using what is termed a line switch for each subscriber and a smaller number of first selector switches, say 10 for each 100 subscribers; each selector being connected to all of the line switches, so that when a call was initiated by any subscriber his line switch would connect to the trunk leading to a selector which was not "busy."

[1] The Examiner of Interferences refused to give Dyson any earlier date for conception than March 13, 1905, the date on which he filed. The Examiners in Chief thought he conceived in December, 1903, but was the last of the three rivals to reduce to practice, was lacking in diligence when Erickson and Dunham came into the field, and consequently must be assigned a date subsequent to them. The First Assistant Commissioner seems to agree with the Examiners in Chief as to Dyson's date of conception, but held that, even if he did conceive when the Examiners said he did, he was the last to reduce to practice, and was not diligent in the meantime. We have, then, the three tribunals in effect concurring on the point that, even if Dyson was the first to conceive, he was the last to reduce to practice, and was not diligent just before Dunham and Erickson became active. The question is one of fact, and not perceiving that the conclusion reached is clearly wrong, we approve it on the authority of Greenawalt v. Dwight, 49 App. D. C. 82, 258 Fed. 982, and cases cited; Kennicott v. Caps, 49 App. D. C. 187, 262 Fed. 641; Hopkins v. Riegger, 49 App. D. C. 188, 262 Fed. 642; Allen v. Hill, —— App. D. C. ——, 270 Fed. 691; Massey et al. v. Ridge, —— App. D. C. ——, 270 Fed. 879; Thomson et al. v. Pearsons, —— App. D. C. ——, 270 Fed. 1013; and Ball v. Barnhurst, —— App. D. C. ——, 270 Fed. 693.

[2] Dyson being out of the running, the contest is between Dunham and Erickson. Dunham filed October 6, 1904. The Examiner of Interferences, after analyzing the testimony, found that he had not conceived before that date; but the Examiners in Chief believed he had, and gave him July 26, 1904, for conception, and his filing date for reduction to practice. The First Assistant Commissioner agreed with the Examiner of Interferences. Later, in No. 39810, the Examiners in Chief held on evidence substantially, if not exactly, the same as in this case, that Dunham must be confined to his filing date for conception, and refused to recede from this position on a motion for rehearing. The three tribunals consequently must be regarded as being in accord upon the point that Dunham should be limited to his filing date for conception and reduction to practice. We think this conclusion is fully sustained by the evidence.

Turning now to Erickson's Case, we find that the Examiner of Interferences, after a very brief review of Erickson's evidence, refused to give him a date for conception prior to that which he had awarded

to Dunham, October 6, 1904. The Examiners in Chief and the First Assistant Commissioner went into the testimony quite thoroughly, and they concur in the view that he was entitled to a date prior to July 26 for conception. It appears to us satisfactorily that in the summer of 1904 Erickson built two switches, known as the first and second specimens, which disclosed a conception of the issue; that the first was constructed, and that he was working on the second, before July 26.

[3] Was Erickson diligent just before Dunham came into the field? In view of the conclusion which the Examiner of Interferences reached with respect to Erickson's conception, he had no occasion to consider his diligence. The Examiners in Chief reviewed the testimony relating to this subject critically and at length. They pointed out that the invention was a complicated one, requiring many experiments to give it practical form, and that Erickson was active either personally or through others from the time of his conception until he filed on March 10, 1905, and they held that he was diligent throughout. In this conclusion the First Assistant Commissioner concurs.

"The question of reasonable diligence in any case depends, of course, upon all the circumstances. A complicated invention, requiring many experiments and much study to give it practical form, would reasonably delay a reduction to practice after the first conception for a greater length of time than where the idea and the machine embodying it were of a simple character." Christie v. Seybold, 55 Fed. 69, 77, 5 C. C. A. 33, 41.

See, also, O'Connell v. Schmidt, 27 App. D. C. 77.

For the reasons given by the Examiners in Chief, and approved by the First Assistant Commissioner, we are persuaded that Erickson should prevail.

No. 39810: The issue of this interference consists of four counts, and, like the previous one, concerns automatic telephone systems, involving certain details of a line switch and its associated circuit. The parties, the dates involved, and the testimony, so far as material, and the conclusions of the three tribunals, are the same as in No. 34534. Erickson was awarded priority, and we think this is correct.

No. 39614: The contest here is between Erickson and Dunham. The invention relates, as in the other interferences, to telephone systems and is defined in two counts. The testimony is the same as in No. 39810. The Examiner of Interferences awarded priority to Dunham. He was reversed by the Examiners in Chief, who held in favor of Erickson. In this they were affirmed by the First Assistant Commissioner. Each tribunal supports its conclusion by substantially the same reasoning as it advanced in No. 39810. We are convinced that Erickson is entitled to succeed.

The decision of the First Assistant Commissioner in each of the interferences is affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.