## CLARK v. BUFFUM.

(Court of Appeals of District of Columbia. Submitted November 17, 1921. Decided January 3, 1922.)

No. 1440.

1. Patents ⟂91(1)—Junior applicant has burden in interference proceedings.

In interference proceedings, the party whose application was last filed has the burden of proof.

2. Patents ⟂90(5)—Tests by junior applicant held sufficient reduction to practice.

Tests of a head for automatic sprinkler system, which demonstrated that the link was able to withstand the pull to which it was subjected at ordinary temperature, and would readily separate on fusion of the solder, satisfied the requirements of a reduction to practice; it being unnecessary that it should satisfy the tests prescribed by insurance companies.

3. Patents ⟂113(7)—Concurrent findings of three Office tribunals, not manifestly wrong, will not be disturbed.

The finding of the Assistant Commissioner of Patents, which accords with the finding of each of the lower tribunals, will not be disturbed, if not manifestly wrong.

Appeal from the Commissioner of Patents.

Interference proceedings between Ezra E. Clark and Herbert H. Buffum. From a decision awarding priority to Buffum, the junior applicant, Clark, appeals. Affirmed.

Nathan Heard and Frederick A. Tennant, both of Boston, Mass., for appellant.

Lawrence G. Miller, of Boston, Mass., for appellee.

SMYTH, Chief Justice. From a decision of the First Assistant Commissioner of Patents, awarding priority of invention to Buffum, Clark appeals. The contest relates to sprinkler heads for automatic sprinkler systems, and specifically to the means for holding the toggle arms together, and for releasing them when a fire occurs in the vicinity of a head. Sprinkler heads of this general type are old: The invention lies in the link itself. There is but one count, which reads as follows:

A device of the class described comprising a plate having engaging means, a locking plate secured to said first mentioned plate by fusible solder, and carrying a hooklike extension having a bill extended at substantially right angles entering and terminally supported by said first plate, and another plate having engaging means and also having a crossbar engaging and suspended by said extension.

[1] Clark filed September 26, 1916, and Buffum May 10, 1917. Hence the burden is on Buffum. It is contended on his behalf that he conceived as early as August 3, 1916, reduced to practice some time before the last of September of that year, and was diligent in the meantime. It is contended, also, that Clark did not conceive earlier than August 11, 1916, and did not make any actual reduction to practice before his filing date. If these contentions be correct, Buffum is entitled to prevail.

[2] Clark argues that Buffum did not establish a reduction to practice prior to his filing date, which, as we have seen, was May 10, 1917, and, granting his claimed date of conception, was not diligent. He proceeds upon the assumption that in order to actually reduce to practice it was necessary for Buffum to prove that the link would satisfy the tests provided by laboratories of certain insurance companies, but the First Assistant Commissioner found that this was not the sole test by which to determine whether or not the invention was capable of doing what it was intended to do, that other tests might be employed. "The link here in controversy," said the Examiner of Interferences, "must have three essential characteristics. The solder used must be fusible at temperatures above the ordinary, and yet very low, as below the temperature of boiling water. The link must at ordinary temperatures be able to withstand the pull to which it is subjected in use, even for a long time; and, on fusion of the solder, it must, because of its form, readily separate under very slight pull upon it." It was found by the Assistant Commissioner that the link responded to all these tests, and that they were made sometime before August 3, 1916. The tests applied were as effective as those used in Esty v. Newton, 14 App. D. C. 50, Rolfe v. Kaisling, 32 App. D. C. 582, and Rolfe v. Hoffman, 26 App. D. C. 336.

[3] The finding of the Assistant Commissioner accords with the finding of each of the lower tribunals. It is not manifestly wrong, and therefore we will not disturb it. Allen v. Hill, 50 App. D. C. 255,

270 Fed. 691; Massey v. Ridge, 50 App. D. C. 271, 270 Fed. 879, and cases cited.

Clark urges that, even if Buffum did reduce to practice before August 3, he abandoned his invention. There is no evidence that he concealed the invention (Mason v. Hepburn, 13 App. D. C. 86), or that he did anything which would justify the conclusion that the test to which he subjected the link in the early part of August, 1916, was nothing more than an abandoned experiment.

We think the Patent Office is right, and the decision of the Commissioner is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal.