## DOWELL v. DOMAN.

(Court of Appeals of District of Columbia. Submitted March 13, 1922. Decided April 3, 1922.)

No. 1470.

1. Patents ⬤➔113(7)—Burden is on appellant to show concurrent conclusions of tribunals of Patent Office were without substantial support.

Where the three tribunals of Patent Office found against the appellant in interference proceedings, the burden is on him clearly to establish that the Commissioner's conclusion is without substantial basis in the testimony.

2. Patents ⬤➔90(5)—Structure not containing element of issue in interference held not reduction to practice of invention.

Where one of the elements of the issue in interference in an air-cooling system for internal combustion engines was a port connecting a chamber with the intake of the engine, to regulate the capacity of the cooling system, a structure built and tested by the junior applicant before the filing date of the senior applicant, which did not have such a port, was not a reduction to practice of the invention in issue.

Appeal from the Commissioner of Patents.

Interference proceeding between Chester M. Dowell and Lewis B. Doman. From a decision of the Commissioner of Patents, awarding priority to Doman, Dowell appeals. Affirmed.

⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William F. Hall, of Washington, D. C., for appellant.
Howard P. Denison, of Syracuse, N. Y., for appellee.

SMYTH, Chief Justice. From a decision of the Commissioner of Patents, awarding priority to Doman, Dowell brings the case here.

The invention relates to an air-cooling system, and is described in a single count, as follows:

> The combination of an internal combustion engine, a cooling system therefor, means for varying the capacity of the cooling system, a motor for actuating the capacity varying means, having a chamber connected with the intake of the engine, a port connecting this chamber with the atmosphere, and thermostatic means adapted to close the port, thereby controlling the degree of vacuum in said chamber.

There are two questions in the case: First, was the testimony of Dowell's wife sufficient to corroborate him with respect to the time of his disclosure; and, second, was he diligent when Doman came into the field? We find it necessary to answer only the second. Doman is the senior party. He took no testimony, but rested on his filing date, November 28, 1916.

[1] The three tribunals of the Office found against Dowell, and therefore the burden is on him to clearly establish that the Commissioner's conclusion is without a substantial basis in the testimony. Kennicott v. Caps, 49 App. D. C. 187, 262 Fed. 641; Ruth v. Groch, —— App. D. C. ——, 277 Fed. 861, and cases cited therein.

[2] Assuming, without deciding, that Dowell conceived, as he claims, in the summer of 1916, he did not actually reduce to practice before Doman filed. But to overcome this situation he urges that in an earlier interference it was shown that a structure built and tested by him before Doman filed formed an actual reduction to practice, and that the structure so reduced was an equivalent of the one defined by the claim. The Commissioner pointed out that the claim of the issue calls for a port so located in the device that it may be manipulated, so as to govern the vacuum conditions in the motor which actuates the means that regulate the capacity of the cooling system. The device which it is claimed was reduced to practice by Dowell did not have such a port, and hence the claimed equivalency of that device and the one of the issue does not exist.

We agree with the Commissioner, and affirm his decision.

Affirmed.