## GREENAWALT v. AMERICAN SMELTING & REFINING CO.

(Circuit Court of Appeals, Ninth Circuit. January 18, 1926.)

No. 4587.

**1. Patents ☞168(1)—Claims construed in light of prior decisions in interference proceedings and patentee's amendment thereunder, narrowing claims.**

Claims of patent must be construed in light of decisions in prior interference proceedings and of patentee's amendment thereunder, narrowing claims in order to procure patent.

**2. Patents ☞328—Greenawalt, No. 1,348,407, for apparatus for roasting ores, held not infringed.**

Greenawalt patent, No. 1,348,407, claims 17, 20, 21, 24, 25, 26, 47, 48, 49, for apparatus for desulphurizing and agglomerating ores preparatory to smelting, *held* not infringed.

**3. Patents ☞167(1)—Specifications and whole language of patent considered in determining claims of invention.**

Specifications and whole language of patent must be considered in determining its claims of invention, and specifications and claims must be read together.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Suit by John E. Greenawalt against the American Smelting & Refining Company. Decree for defendant (3 F.[2d] 658); and plaintiff appeals. Affirmed.

Harry A. Beimes and James Love Hopkins, both of St. Louis, Mo., and Edward Horsky, of Helena, Mont., for appellant.

Charles E. Pew, of Helena, Mont., Albert M. Austin and Thomas Ewing, both of New York City, and George Donworth, of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. This is an appeal from a decree of the court below adjudging that the appellee has not infringed claims 17, 20, 21, 24, 25, 26, 47, 48, and 49 of the appellant's patent No. 1,348,407, issued August 3, 1920, on an application filed November 18, 1910, and dismissing the appellant's bill of complaint. The invention relates to an apparatus for desulphurizing and agglomerating or sintering pulverized ore preparatory to smelting. As described in the specifications, it consists of a box-like roasting pan to contain the ore, together with a portable igniter, consisting of a hood or cover shaped to harmonize with the top of the roasting pan and fitting closely thereon when lowered into position for operation. The igniting cover is equipped with spray nozzles for atomizing oil, and it is perforated to allow the entry of air necessary for purposes of combustion. Beneath the pan is a suction apparatus, whereby the flames and hot combustion products are drawn downwardly through the open bottom of the cover and into the layer of ore beneath. Say the specifications: "An important object subserved by the cover is that the igniting flames, in response to the suction of the exhauster, are drawn against the surface of the ore, and the entire surface thereof is simultaneously ignited."

Claim 17 is as follows: "In an apparatus for agglomerating or sintering ore, a perforate support for a thin bed of ore, an igniting hood for covering and setting fire to the ore while upon the support, and means for causing currents of air or other support of combustion to pass through the ore while covered by the hood." Claim 20 adds to claim 17 "means for feeding into the chamber suitable ignition fuel and means for causing the gases to pass through the ore and through the perforate support." Claim 21 adds means for causing the gaseous supporter of combustion to pass through the ore "while covered by the hood." Claims 24, 25, and 26 add nothing relevant to the questions of infringement here involved. Claim 47 covers the igniter or cover of the apparatus, which is said to have closed sides, arranged to confine and direct the hot materials therein. Claim 48, instead of calling for a cover fitting closely upon the oreholder, calls for a chamber arranged above the surface of the ore and adapted to contain, confine, and direct downwardly the hot ore-igniting materials. Claim 49, in combination with other features of the apparatus, calls for an igniter comprising a chamber closed at its sides, but "open to admit air thereto."

While the application was pending in the Patent Office an interference was declared between the applicant and Arthur S. Dwight. The appellant at that time presented 30 claims. In the final decision by the Commissioner of Patents, Dwight was awarded all of

the claims excepting 8, 14, 15, 16, 19, 20, 21, 23, 24, 26, 27, and 28. On appeal to the Court of Appeals of the District of Columbia (49 App. D. C. 82, 258 F. 982) the decision of the Commissioner of Patents was affirmed; the court ruling that all of the appellant's claims are limited to a hood that is air-tight with respect to the oreholder, in which feature, the court held, it was distinguished from the Dwight application and the prior art.

[1] The appellant contends that, by virtue of the claims which were allowed after the decision of the interference case, the appellant's device is not to be limited to the use of a tight-fitting cover, but is sufficiently broad to include the use of an igniter such as is used by the appellee. We are unable to agree that the appellant can escape the effect of the final decision in the interference proceedings, or the effect of the amendment of his claims made in conformity therewith. Two of the claims awarded to Dwight in that interference are as follows:

7. "In an apparatus for agglomerating or sintering ore, a perforate support for a thin bed of ore, a hood for covering the ore while upon the support, means for causing currents of air or other supporter of combustion to pass through the ore while covered by the hood, and an igniter arranged within the hood for setting fire to the ore at its surface."

17. "In a mechanism for sintering ore, the combination with means for holding the body of ore disposed in a layer, of an igniter for the ore arranged above the exposed surface thereof, having a chamber with an open bottom, and arranged to confine hot igniting materials and direct the heat therefrom to an area of the ore mass corresponding with the area of the open bottom of the igniter chamber."

The appellant thereupon canceled all claims as to which the decision was adverse. The claims which were allowed to the appellant by the Examiner after the decision in the Dwight interference are not entitled to a broad interpretation. The decision of the Commissioner was final, as was also the decision of the court on the appellant's appeal. The allowance of the appellant's claims thereafter was made in the absence of Dwight or his successors in interest, and those claims, however broad they may be, must inevitably be construed in the light of the prior decisions. In other words, they must all be narrowed by the surrender which the appellant made in the interference proceeding, and in the amendment of his claims thereupon made, and, as so limited, they can only mean that

the appellant's apparatus is limited to the use of a tight-fitting cover above the whole of the ore pan. Shepard v. Carrigan, 116 U. S. 593, 598, 6 S. Ct. 493, 29 L. Ed. 723; Schultheiss v. Phillips (C. C. A.) 264 F. 971; Greene v. Buckley, 135 F. 520, 68 C. C. A. 70; George E. Lee Co. v. Fortified Mfg. Co. (C. C. A.) 284 F. 315, 320.

[2] But, irrespective of the effect of the decision upon the interference and the consequent amendment of the appellant's claims, we find here no infringement of the claims of the appellant's patent as issued. The appellee's apparatus differs widely from that of the appellant. The appellant's roasting pan varies in size from 6x8 feet to 16x24 feet. The cover is necessarily of corresponding dimensions. The whole ore pan is simultaneously ignited. To secure the uniform and simultaneous ignition which the patent calls for, it is obvious that there must be a practically air-tight fit between the cover and the pan. The appellee has no simultaneous ignition of the entire surface of the ore charge. The ore charge in long and narrow containers, mounted upon rollers on stationary tracks, slowly enters and passes through the zone of flame, which is superimposed upon it from the burner. The muffle of the burner is in no sense a cover of the ore pan. It is a U-shaped inverted trough, made of fire bricks, 3½ feet long and 9 inches wide, open at the bottom and closed at the sides and ends. It is never in contact with the ore or the ore pan, but is held at a distance of 2½ to 4½ inches above the surface thereof. The burner which creates the flame is not within the muffle, but outside thereof, and it projects the flame through a hole in one end of the muffle. There are no air inlets in the muffle, and in the appellee's process there can be no simultaneous ignition of the entire surface of the ore charge. The purpose of the muffle is to protect the workmen and prevent loss of heat. That muffle, or trough, or by whatever term it may be called, is not substantially different from devices which were in use in the art long prior to the appellant's application for patent.

[3] At the time of the appellant's application for patent, the process of sintering ore in ore pans by means of heat and flame directed downward against the surface thereof was the subject of patents and was old in the art. The appellant added nothing new, except his cover to the ore pan. The specifications and the whole language of the patent must be looked into, in determining its claims of invention, and the specifications and claims must be read together. Mitchell v. Tilghman,

19 Wall. 287, 22 L. Ed. 125; 1900 Washer Co. v. Cramer, 169 F. 629, 95 C. C. A. 157; Royal Co. v. Tweedie (C. C. A.) 276 F. 351. The appellee's muffle, spaced as it is from the ore bed, and directing the flame upon only a small portion thereof at a time, imperforate as it is for the admission of air, is in no sense the cover described in the appellant's patent.

The decree is affirmed.