27 C.C.P.A. (Patents)

## CASTRICONE v. McCABE.

### Patent Appeals No. 4316.

Court of Customs and Patent Appeals.
May 6, 1940.

654

Joseph H. Milans, of Washington, D. C. (Lionel V. Tefft, of Chicago, Ill., and Calvin H. Milans, of Washington, D. C., of counsel), for appellant.

Donald W. Farrington, of Cleveland, Ohio, and Watts T. Estabrook, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in an interference proceeding in which the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences awarding priority of invention to appellee, and appellant has brought the matter before us for review.

The interference arises between an application, serial No. 69,007, filed March 16, 1936, of appellant, and an application, serial No. 664,765, filed April 6, 1933, of appellee.

There are two counts in issue and they read as follows:

"1. In an ironing machine in combination, ironing members comprising a padded rotatable roll and a heated member, means for supporting said heated member alongside of said roll having a part therebelow providing a work receiving surface for ironed articles, means for heating said heated member, means for supporting said roll solely from one end thereof, said roll supporting means comprising a gear case and a rigid member extending laterally therefrom and into said roll, said gear case having its lower portion laterally offset in a direction away from said shoe, and power means, including gearing in said gear case, for rotating the roll and moving one of said ironing elements into pressing engagement with the other, said power means and the means for supporting said ironing members being configurated and disposed so as to provide on the work receiving surface an unobstructed space of substantial width at and outwardly beyond the end of the roll adjacent to said gear case for the accommodation of articles ironed at this end of the roll whereby such articles are not subjected to excessive wrinkling as they lie on the work receiving surface.

"2. In an ironing machine in combination, ironing members comprising a padded rotatable roll and a heated member, means for supporting said heated member alongside of said roll having a part therebelow providing a work receiving surface for ironed articles, means for heating said heated member, means for supporting said roll solely from one end thereof, said roll supporting means comprising a gear case and a roll supporting member extending laterally therefrom and into said roll, said gear case having a rounded upper portion coaxial with the roll and of smaller diameter than that of the roll and having its lower portion laterally offset in a direction away from said shoe, and power means, including gearing in said gear case, for rotating the roll and moving one of said ironing elements into pressing engagement with the other, said power means and the means for supporting said ironing members being configurated and disposed so as to provide on the work receiving surface an unobstructed space of substantial width at and outwardly beyond the end of the roll adjacent to said gear case for the accommodation of articles ironed at this end of the roll whereby such articles are not subjected to excessive wrinkling as they lie on the work receiving surface."

As appellant is the junior party, the burden is upon him to establish, by a preponderance of evidence, priority of invention.

The invention in issue relates to domestic ironing machines and was described by the Primary Examiner as follows: "The invention common to the applications relates to ironing machines of the roller and shoe type. A work table supports the roll and shoe, the shoe being movable toward and from the roll in the Castricone construction, and the roll being movable to and from the shoe in the McCabe construction. The means for supporting the roll comprises a gear housing extending upwardly from the table adjacent one end thereof, and carrying a rigid member extending laterally therefrom into the roll for supporting the roll, the roll being supported solely by the gear casing. Within the

gear casing is the gearing for rotating the roll and moving one of the ironing elements towards and away from the other element. The gearing casing is laterally offset from the shoe and is so configurated that an unobstructed space is provided on the table of substantial width at the end of the roll adjacent the gear case between the roll and shoe whereby articles ironed at this end of the roll may lie on the table without being subjected to excessive wrinkling."

The interference as declared June 30, 1936 involved the present counts, then numbered 1 and 3, and another count numbered 2. Both parties moved to dissolve as to count 2 and the motion was granted by the Primary Examiner. A motion by appellant to dissolve as to counts 1 and 3, and a motion by appellee to amend by the addition of one count were denied by the said examiner. Count 3 of the said declaration of interference is count 2 here.

■ Appellee took no testimony and therefore is restricted to his filing date for his date of conception and reduction to practice.

Appellant took testimony, and in his preliminary statement alleged conception of the invention and reduction to practice as early as 1926.

The Examiner of Interferences, after analyzing the evidence at considerable length, awarded appellant a date of conception of the invention of the subject matter of the counts at least as early as the end of 1929, but held that appellant had failed to produce adequate corroboration of his testimony that a machine comprising all the elements of the counts was in existence at any time prior to the filing date of appellee, and awarded priority accordingly. The Board of Appeals affirmed this holding by the examiner.

We do not deem it necessary to restate the evidence in the record. The issue may be sufficiently understood by stating that there is a diversity of view between the parties as to what constitutes the improvement in the art contained in the counts. Appellant has contended throughout the proceeding that the only important feature of the invention defined by the counts is the supporting means for the roll and particularly the shape of the gear case. It is stated in the brief of appellant that there is no detail mechanism set forth in the

counts and that it makes little difference what the special mechanism is so long as some means are present in the gear casing, through which the machine operates.

Appellee contends that the invention is a novel combination which comprises a mechanism whereby the roll and the shoe are actuated through a gearing within the gear case and the gear case so designed that it does not cause a wrinkling or bunching of the garment at the closed gear end of the ironer.

The evidence of appellant clearly shows that he had an operative ironing machine of some description in his possession in 1930. The machine was sold by appellant, but could not be produced, although it is said search had been made for it, so that oral testimony alone had to be relied upon to prove its structure.

There is no question in our minds but that the testimony of appellant was amply corroborated as to the external appearance of his 1930 machine, and that in appearance the machine seemed to meet the invention as defined in the counts. The machine was also properly shown to function in the ironing of clothes without bunching or wrinkling.

■ There is sufficient evidence in the record, we think, to hold, as did the tribunals below, that appellant is entitled to priority of conception. It is also clear from the record that there was no evidence offered to corroborate the testimony of appellant as to the nature of the gearing employed by him in his device. Therefore, the sole question before us is whether or not such corroborating evidence was necessary in the premises.

The counts, as we read them, do not call merely for power means for rotating the roll by means of gearing, but also include the simultaneous moving of the ironing elements into pressing engagement. We think the language of each count reading "and power means, including gearing in said gear case, for rotating the roll and moving one of said ironing elements into pressing engagement with the other" is a distinct limitation, and in order to prevail appellant should have produced corroborating evidence to describe his power means in accordance with such limitation. It seems that the machine of appellant was assembled by him alone and no one had seen his gearing assembled. It is true there was

evidence that gears and a gear case were made for appellant by different witnesses, neither of whom was shown to have known that the said gears were placed in the said gear case.

It seems from the decision of the Board of Appeals that during the pertinent period here there was no conventional drive mechanism for operating the roll and that "Since in the machine the top of the gear casing which houses the mechanism was offset, it is obvious that changes would have to be made in order to get past the angle thus formed." But whether or not the gears, if there were gears in the machine of appellant, were such as are called for in the counts, is not shown by any evidence except that of appellant himself.

It is clear to us that in order to award priority of invention to appellant, his device would have to be shown by proper evidence, in addition to his own, to embody every feature present in the counts. All express limitations of the counts must be proved to be present. In re Joseph Bijur, 40 F.2d 999, 17 C.C.P.A., Patents, 1134; Pelzer v. Weaver, 97 F.2d 166, 25 C.C.P.A., Patents, 1232; Dowell v. Doman, 51 App.D.C. 375, 279 F. 1013.

The decision of the Board of Appeals is affirmed.

Affirmed.